**BAOMEI WEI, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 07–3559–ag.**

United States Court of Appeals, Second Circuit.

April 18, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, David V. Bernal, Assistant Director, Stuart S. Nickum, Trial Attorney, Office of Immigration Litigation,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. PETER W. HALL and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Baomei Wei, a native and citizen of the People's Republic of China, seeks review of a July 24, 2007 order of the BIA affirming the October 11, 2005 decision of Immigration Judge ("IJ") Douglas Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Baomei Wei,* No. A98 642 189 (B.I.A. July 24, 2007), *aff'g* No. A98 642 189 (Immig. Ct. N.Y. City Oct. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we may review the entire IJ decision and need not confine our review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

Here, we find that substantial evidence supports the agency's adverse credibility determination. In making his adverse credibility finding, the IJ primarily relied on the omission of certain information from Wei's asylum application and his wife's letter, which had been prepared and submitted to corroborate the application for relief. We have held that "[a]n applicant's failure to list in his or her initial application facts that emerge later in testimony will not automatically provide a sufficient basis for an adverse credibility finding." *Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). When considering the significance of an omission, the IJ must measure the omission in light of the record as a whole and be mindful "of the fact that the circumstances surrounding the application process do not often lend themselves to a perfectly complete and comprehensive recitation of an applicant's claim." *Id.*

When evaluating the significance of Wei's omission of the fact that his wife became pregnant and voluntarily had an abortion after his purportedly forced sterilization, the IJ appropriately considered the omissions in light of the record. *See id.* The IJ reasonably concluded that the omission of this information was significant because Wei based his claims for relief, in part, on his purportedly forced sterilization, and the omission of his wife's subsequent pregnancy and voluntary abortion provided the inference that they did not want more children and that he had submitted to the sterilization voluntarily. *Id.* Moreover, the IJ properly found Wei's explanation that he "forgot but today ... I remember" implausible as the incident was a recent event and he had remembered to inform his doctor about it. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir. 2007) (providing that where "the reasons for [the IJ's] incredulity are evident," the implausibility finding is supported by substantial evidence). Moreover, the IJ reasonably declined to credit Wei's explanation that his wife did not describe this incident in her letter because it was not important. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (holding that

the agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so).

Next, the IJ reasonably found significant and material the omission from his wife's letter of the fact that Wei had been detained, beaten, and fined for his political activity, where Wei based his claim of past persecution, in part, on this incident and where he claimed to have left China because of this incident. *Secaida–Rosales,* 331 F.3d at 308. Moreover, the IJ reasonably declined to credit Wei's explanation that his wife had not mentioned his arrest in her letter because she had not experienced the incident personally, where she had not personally experienced Wei's sterilization but nonetheless had acknowledged it in her letter. *See Majidi,* 430 F.3d at 80–81.

Finally, the IJ relied, in part, on the fact that Wei's testimony and his wife's letter were inconsistent with his asylum application regarding the date the family returned from Brazil to China. Although the IJ acknowledged that minor date inconsistencies alone are insufficient to support an adverse credibility determination, *see Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000), he properly found that this inconsistency provided additional support for his credibility finding in light of the significant omissions identified in the record. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder." (internal quotation marks and citations omitted)).

Ultimately, the significant omissions and minor discrepancy in the record demonstrate that the IJ's adverse credibility finding was supported by substantial evidence. *See Zhou Yun Zhang,* 386 F.3d at 73–74. Accordingly, the IJ's denial of asylum and withholding of removal was not in error. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Likewise, insofar as Wei's application for CAT relief was based on the same factual predicate as his application for asylum and withholding of removal, the agency did not err in denying him such relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). Finally, Wei has waived any argument that he will likely be tortured for having illegally departed China. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).